■ In the Matter of the Claim of DAVID CANFIELD, Appellant, v THOMPSON AND JOHNSON EQUIPMENT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [717 NYS2d 763] —Rose, J. Appeal from an amended decision of the Workers' Compensation Board, filed November 2, 1999, which ruled that claimant was entitled to an award of workers' compensation benefits based upon a 35% schedule loss of use of the right hand.

As the result of a work-related accident, claimant underwent the surgical amputation of his right ring and little fingers at the proximal interphalangeal joint. Pursuant to the Workers' Compensation Board's medical guidelines, the loss of these two fingers results in a 35% schedule loss of use of the hand. The guidelines also refer to the concept of loading, which is described as "the amount added to a schedule to allow for weakness of grasp or major loss of function when multiple digits are affected." The loading for the amputations of two digits at the proximal phalanges is listed as 100%. Claimant, therefore, sought an award of workers' compensation benefits based upon a 70% schedule loss of use of the right hand. The Workers' Compensation Law Judge and the Board initially agreed with claimant, but the Board thereafter issued an amended decision which concluded that loading was already accounted for in the percentage losses of use for the amputation of two or more digits listed in the guidelines. Thus, claimant's award was modified to reflect a 35% schedule loss of use of the right hand, prompting this appeal by claimant.

The only issue on this appeal is whether the Board erred in concluding that loading was already accounted for in the guidelines. The guidelines provide that the hand schedules for the amputation of two or more digits can be verified by the usual method of calculation. The Board's decision used the usual method of calculation, which was based upon Workers' Compensation Law § 15 (3), to conclude that a schedule loss of use of the ring and little fingers, with 100% loading, was equivalent to a 33% schedule loss of use of the hand. There is, therefore, a rational basis for the Board's conclusion that loading is already accounted for in the virtually equivalent 35% schedule loss of use of the hand listed in the guidelines. Accordingly, the Board's decision must be affirmed.

Cardona, P. J., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the amended decision is affirmed, without costs.